UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALLEN R. MILLER,<br><br>　　　　　　　Plaintiff,<br>v.<br>NATHAN T.H. LLOYD,<br><br>　　　　　　　Defendant. | Case No. 2:16-cv-01070-JAD-PAL<br><br>**ORDER**<br><br>(IFP App. – ECF No. 1) |

This matter is before the Court on Plaintiff Allen R. Miller's Application to Proceed *In Forma Pauperis* (ECF No. 3). This Application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-7 of the Local Rules of Practice.[1]

**I.　IN FORMA PAUPERIS APPLICATION (ECF NO. 1)**

Mr. Miller is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. Pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice, any person who is unable to prepay the fees in a civil case may apply to the Court for authority to proceed *in forma pauperis* ("IFP"), meaning without prepaying the $350.00 filing fee. Here, Mr. Miller has requested authority to proceed IFP and submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed *in forma pauperis* will be granted. The Court will now review the Complaint (ECF No. 1-2).

/ / /

/ / /

---

[1] The Local Rules of Practice may be accessed and downloaded from the Court's website at http://www.nvd.uscourts.gov/Files/2016%20Local%20Rules%20of%20Practice%20FINAL.pdf (last visited July 5, 2016).

**II.    SCREENING THE COMPLAINT**

After granting a litigant's IFP request, a federal court must screen the complaint and any amended complaints filed prior to a responsive pleading pursuant to § 1915(e). *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all in forma pauperis complaints"). If the complaint states a valid claim for relief, the Court will direct the Clerk of the Court to issue summons to the defendant(s) and the plaintiff must then serve the summons and complaint within 120 days. *See* Fed. R. Civ. P. 4(m). When a court dismisses a complaint pursuant to § 1915(e), a plaintiff is ordinarily given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The "Complaint" (ECF No. 1-2) in this matter is a three-page hand-written summary that attaches numerous documents, including correspondence by the U.S. Equal Employment Opportunity Commission and the Nevada Department of Employment, Training and Rehabilitation, medical records, and a police report among others. Although the summary does not state a basis for his employment discrimination claims, Mr. Miller may be attempting to allege violations of Title VII of the Civil Rights Act for discrimination based on religion, race, age, and retaliation. *See id*. at 8. However, the Complaint does not comply with LR IA 10-2, which provides the required format for court filings. In addition, the Complaint does not clearly identify which entity or individual Mr. Miller seeks to name as a defendant in this case as his initiating documents reference MGM Resorts International, its general counsel, Nathan T.H. Lloyd, and the Bellagio, his former employer. The Court therefore dismisses the Complaint with leave to amend within 30 days.

The Court appreciates that it is difficult for *pro se* parties to litigate their claims; thus, Mr. Miller is advised to familiarize himself with the Federal Rules of Civil Procedure and the Local Rules of Practice for this Court. He may also be able to participate in the Federal Court Ask-A-Lawyer program coordinated by the Legal Aid Center of Southern Nevada.[2]

---

[2] Information about the Federal Court Ask-A-Lawyer program is available on the Legal Aid Center of Southern Nevada's website at http://www.lacsn.org/what-we-do/ask-a-lawyer or by calling 702-386-1070.

If Mr. Miller chooses to file an amended complaint, he must do so within 30 days, or by **August 4, 2016**.  He is advised to support each of his claims with factual allegations, because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  *Starr*, 652 F.3d at 1216.  Mr. Miller should specifically identify each Defendant to the best of his ability, clarify what right he believes each Defendant has violated and support each claim with factual allegations about each Defendant's actions.  The amended complaint should set forth his claims in short and plain terms, simply, concisely and directly.  *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988) ("If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a 'short and plain statement of the claim,' dismissal for failure to satisfy Rule 8(a) is proper."); *see also* Fed. R. Civ. P. 8.  Additionally, attaching exhibits is not a substitute for filing a proper complaint.  Instead, the information Mr. Miller believes to be relevant should be summarized as part of the supporting facts for each claim stated in the amended complaint.

Mr. Miller is also informed that the Court cannot refer to a prior pleading (*i.e.*, the original complaint) in order to make the amended complaint complete.  Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading.  *See* LR 15-1(a).  This is because, as a general rule, an amended complaint supersedes the original complaint.  *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); *Rhodes v. Miller*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), and explaining, "when a plaintiff files an amended complaint, 'the amended complaint supersedes the original, the latter being treated thereafter as non-existent' ").  Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, the Clerk of Court sealed Mr. Miller's complaint and attached exhibits because they contain confidential information that would be in the public record and available for anyone

3

to view, such as Mr. Miller's personal identification information, Social Security number, and medical records.  Mr. Miller should carefully review Fed. R. Civ. P. 5.2 which addresses privacy protection for filings made with the court before filing an amended complaint. Rule 5.2(h) specifically prides that "A person waives the protection of Rule 5.2(a) as to the peson's own information by filing it without redaction and not under seal."

The Clerk of the Court will be instructed to mail Mr. Miller a blank form complaint for employment discrimination claims along with instructions for completing the form.[3]  Although a form complaint cannot cover every type of employment discrimination case, it highlights certain types of information that is useful to the Court for screening purposes and may aid plaintiff in stating a colorable claim.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Allen R. Miller's Application to Proceed in Forma Pauperis (ECF No. 3) is GRANTED.  Mr. Miller is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance or service of subpoenas at government expense.

2. The Clerk of the Court SHALL FILE the Complaint (ECF No. 1-2) but SHALL NOT issue summons.

3. The Clerk of the Court SHALL MAIL Mr. Miller a blank form complaint for employment discrimination claims along with instructions for completing the form.

4. The Complaint is DISMISSED with leave to amend.  Mr. Miller will have 30 days from the date of this Order, until **August 4, 2016**, to file his amended complaint.

5. The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety.  Any allegations, parties, or requests

---

[3] The Complaint for Employment Discrimination, Pro Se Form 7, is also available on the United States Courts' website at http://www.uscourts.gov/forms/pro-se-forms/complaint-employment-discrimination (last visited May 12, 2016).

4

for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

6. Mr. Miller shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Complaint for Employment Discrimination" on the first page in the caption, and he shall place the case number, **2:16-cv-00902-JAD-PAL**, in the space for "Case No."

7. Mr. Miller's failure to comply with this Order by: filing an amended complaint before the **August 4, 2016** deadline will result in a recommendation to the district judge that this case be dismissed.

Dated this 5th day of July, 2016.

                                                                                    PEGGY A. LEEN
                                                                                    UNITED STATES MAGISTRATE JUDGE