UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALLEN R. MILLER,<br><br>                      Plaintiff,<br>v.<br>NATHAN T.H. LLOYD,<br><br>                      Defendant. | Case No. 2:16-cv-01070-JAD-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(2nd Am. Compl. – ECF No. 13) |

This matter is before the court for a screening of Plaintiff Allen R. Miller's Second Amended Complaint (ECF No. 13). This screening is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

**BACKGROUND**

**I.  THE ORIGINAL COMPLAINT (ECF NO. 5)**

Mr. Miller is proceeding in this action pro se and has received permission to proceed *in forma pauperis*. Order (ECF No. 4). Miller initially submitted a three-page hand-written "Complaint" (ECF No. 5). The filing attached numerous documents, including correspondence by the U.S. Equal Employment Opportunity Commission and the Nevada Department of Employment, Training and Rehabilitation, medical records, and a police report among others. The court reviewed the Complaint and determined that Miller was attempting to allege violations of Title VII of the Civil Rights Act for discrimination based on religion, race, age, and retaliation. Order (ECF No. 4). However, the Complaint did not comply with LR IA 10-2, which provides the required format for court filings. *Id.* In addition, the Complaint did not clearly identify which entity or individual Mr. Miller sought to name as a defendant. *Id.* Thus, the court dismissed the Complaint with leave to amend within 30 days. *Id.*

/ / /

1

## II. THE AMENDED COMPLAINT (ECF NO. 6)

Mr. Miller filed an Amended Complaint (ECF No. 6) using the court's form complaint for employment discrimination. The court reviewed the Amended Complaint and issued a 15-page Screening Order (ECF No. 12) explaining numerous pleading deficiencies. The Amended Complaint named individual defendants Nathan T.H. Lloyd, Ray Brown, Duane Finley, Elgen Samuel, and Jason Rucker, who cannot be held liable for damages under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e–2000e-17 ("Title VII"); the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 ("ADEA"); and the Americans with Disabilities Act, 42 U.S.C. §§ 12112–12117 ("ADA"). As a result, the individual defendants were dismissed from this action. Mr. Miller's allegations sufficiently stated Title VII claims for racial and religious discrimination. However, the Screening Order dismissed the claims for disability and age discrimination and retaliation under the ADA, ADEA, and Title VII with leave to file a second amended complaint. Although he made some relevant allegations, Miller failed to plead essential factual elements under each of these statutes to state plausible claims. Additionally, his claim for national origin discrimination was dismissed without leave to amend as amendment was futile.

The court instructed the Clerk of Court to mail Mr. Miller another blank form complaint for employment discrimination claims. Miller was informed that a second amended complaint must contain a short and plain statement of: (1) the grounds for the court's jurisdiction; (2) any claim he has showing he is entitled to relief; and (3) a demand for the relief he seeks. The Screening Order stated:

> the court cannot refer to a prior pleading (*i.e.*, the original complaint or the amended complaint) in order to make the second amended complaint complete. This means that Miller must restate his allegations supporting the Title VII claims for racial and religious discrimination if he chooses to file a second amended complaint.

*Id.* at 14. However, if no second amended complaint was filed, the court would enter an order directing issuance of summons and service of the Amended Complaint on the Bellagio on the two plausible claims. *Id.* at 13.

## III. THE SECOND AMENDED COMPLAINT (ECF NO. 13)

Mr. Miller timely filed a Second Amended Complaint (ECF No. 13). Miller checked all the boxes on the form indicating that this action involves claims under Title VII, ADEA, and ADA.

2

He also indicates that other federal law and relevant state, city or county law may form a basis for discrimination, but no specific statutes are referenced. In the "Statement of the Claim" section III.A, he checked boxes showing that the discriminatory conduct of which he complains in this action includes: (i) a failure to hire him, (ii) termination of his employment, (iii) failure to promote him, (iv) failure to accommodate his disability, (v) unequal terms and conditions of his employment, (vi) retaliation, and (vii) other acts such as "religion, battery in workplace [*sic*]." *Id.* at 4. He believes the defendants are still committing these acts against him. *Id.* Miller alleges defendants discriminated against him based on his race (Native American), color (mixed race), religion ("Christian, spiritual"), national origin (Kansas), age (44 years old), and disability or perceived disability (eye and leg injury). *Id.* Section III.E provides space for plaintiffs to state the facts of their case and instructs them to attach additional pages as necessary. *Id.* However, Miller failed to provide any facts of his case. With regard to damages, Miller asks for the following:

> All these years of mental stress from incidents and financial hardship, back pay since July 25, 2014 to present day. Damage of my employment record. Bad reference remove bad reference. Pay for my photo [unreadable] contacts for rest of life pay for my eye where for rest of my life glasses contacts was qualified to be promoted to [unreadable] lost pay. [*sic*]

*Id.* at 5.

## **DISCUSSION**

Pursuant to 28 U.S.C. § 1915(e), federal courts must screen all IFP complaints and any amended complaints before allowing the case to move forward, issuing summonses, and requiring a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all in forma pauperis complaints"). If a complaint states a valid claim for relief, the court will direct the Clerk of Court to issue summons to the defendant(s) and the plaintiff must then serve the summons and complaint within 90 days. *See* Fed. R. Civ. P. 4(m). When a court dismisses a complaint pursuant to § 1915(e), a plaintiff is ordinarily given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

/ / /

3

Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Federal courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for determining whether a plaintiff fails to state a claim upon which relief can be granted under § 1915 is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure[1] for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A district court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *N. Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The simplified pleading standard set forth in Rule 8(a) applies to all civil actions with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This requires a plaintiff to state "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the allegations charged. *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556). Mere recitals of the elements of a cause of action supported only by conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 679–80. A complaint "must

---

[1] Any reference to a "Rule" or the "Rules" in this Report of Findings and Recommendation refer to the Federal Rules of Civil Procedure.

contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Stated differently, the factual allegations "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216.

Here, the court granted Ms. Miller leave to amend, but instead of curing the deficiencies of his Amended Complaint, he filed a Second Amended Complaint (ECF No. 13) completely devoid of factual allegations. The Second Amended Complaint contains nothing more than checked boxes indicating the types of discriminatory conduct he intends this action to include, such as a failure to promote him or accommodate his disability, and termination of his employment. *Id.* at 4, Sec. III.A. Merely identifying the types of discriminatory conduct at issue without factual allegations is insufficient to state an actionable claim for relief. In addition, merely identifying the alleged bases of the discrimination—race (Native American), color (mixed race) religion ("Christian, spiritual"), national origin (Kansas), age (44 years old), and disability or perceived disability (eye and leg injury)—is not enough to state plausible claims. Because Miller failed to allege any facts to support a cause of action, the Second Amended Complaint fails to state any colorable claims.

A plaintiff who is granted leave to cure pleading deficiencies but fails to do so can be subject to dismissal without leave to amend yet again. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). The Ninth Circuit has held it is reasonable for a district court to conclude that a plaintiff "simply *cannot* state a claim" when he "knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules." *Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) (quoting *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011)). The court gave Miller explicit instructions in the 15-page Screening Order (ECF No. 12) regarding the required elements of employment discrimination claims. In addition, Miller was expressly warned that the court could not refer to a prior pleading (*i.e.*, the Amended Complaint) to make the Second Amended Complaint complete, and Miller was required to restate his allegations supporting the Title VII claims for racial and religious discrimination if he chose to amend. Yet

he alleged no facts whatsoever in the Second Amended Complaint. Because Miller has amended his pleadings two times but still has not provided a short and plain statement of his claims, the court concludes that any further amendment would be consistent with the deficient allegations repeated in his prior complaints, which indicate that additional amendment would be futile. The court therefore recommends dismissal with prejudice.

Accordingly,

**IT IS RECOMMENDED** that:

1. Plaintiff Allen R. Miller's Second Amended Complaint (ECF No. 13) be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

2. The Clerk of Court be directed to close this case and enter judgment.

Dated this 14th day of January 2019.

                                                    _____
                                                    PEGGY A. LEEN
                                                    UNITED STATES MAGISTRATE JUDGE

### NOTICE

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a

party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.